The Employment Law Firm
Cynthia L. Pollick, LLM                                                                 Attorney for Plaintiff
I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675
_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUZANNE F. TIELLE | : | |
| | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| THE NUTRITION GROUP D/B/A | : | |
| NUTRITION, INC. | : | DOCKET NO: |
| | : | |
| Defendant | : | |

## COMPLAINT

NOW come the Plaintiff, SUZANNE F. TIELLE, by her attorney, Cynthia L. Pollick, Esquire, and file the following Complaint against Defendant and avers as follows:

## PARTIES

1.  Plaintiff, SUZANNE F. TIELLE, was an employee of The Nutrition Group for the last six years and worked as a cook and manager. On or about November 7, 2016, Plaintiff was terminated because of her disability.

2.  Plaintiff worked at the Old Forge School District for 32 years.

1

3. Defendant, The Nutrition Group d/b/a Nutrition, Inc, has a principal office at 580 Wendel Road, Suite 100, Irwin Pennsylvania.

## JURSIDICTION

4. This suit is brought and jurisdiction lies based on a federal question. 28 U.S.C. § 1331. Jurisdiction lies pursuant to the Americans with Disabilities Act, as amended (ADAAA).

5. The unlawful employment practices described in this Complaint have been committed in the Middle District of Pennsylvania and the Defendant does business in this District.

6. Plaintiff has exhausted her administrative remedies in good faith for all claims and has received a Right-to-Sue letter.

## COUNT I
## VIOLATION OF AMERICANS WITH DISABILITIES ACT (ADAAA)
## DISABILITY DISCRIMINATION/FAILURE TO ACCOMMODATE/RETALIATION
## PLAINTIFF V. DEFENDANT

7. Plaintiff hereby incorporate by reference paragraphs one (1) through six (6) as if set forth herein at length.

8. Plaintiff has the medical condition of an injured knee, which has been recognized as a legal handicap.

9. Defendant knew Plaintiff had a disability, and/or had a record of impairment, and/or regarded her as disabled.

10. At all times, Plaintiff could perform the essential functions of her position with accommodations.

11. Plaintiff would use a cart to complete her work duties.

12. In June 2015, Manager Patty Barrese asked Plaintiff if she was coming back for the Fall school term, to which Plaintiff replied "yes, why?". Manager Barrese stated to Plaintiff "because of your knee". Manager Barrese told Plaintiff to, "think it over the summer but when you come back you better be able to get your own things and walk better". Plaintiff responded "this is as good as it gets".

13. On November 6, 2016, Manager Barrese stated that Plaintiff was a liability and that she was nervous about allowing her to work that day.

14. Manager Barrese would berate Plaintiff for using a cart to complete her work duties.

15. Plaintiff told Manager Barrese that she contacted the office of American with Disabilities, and they told her that Plaintiff was to be supplied with an accommodation.

16. Plaintiff was not allowed to work on November 6, 2016, and she was fired on November 7, 2016.

17. Plaintiff was never disciplined in her 32 years working at Old Forge School District, and had an outstanding relationship with her fellow workers and school administrators.

18. Plaintiff was never counseled to improve her performance and never failed to meet any job expectation.

19. Plaintiff had an outstanding attendance record.

20. Plaintiff did not miss time because of her disability nor did she have any accidents or injuries because of her disability.

21. Plaintiff's disability never caused her to spill or waste food causing monetary loss to Defendant.

22. Instead of allowing Plaintiff to use the cart as a reasonable accommodation, Plaintiff was terminated.

23. Defendant failed to engage in an interactive process to provide a reasonable accommodation.

24. Defendant did not act in good faith when Plaintiff requested a reasonable accommodation of being allowed to use a cart.

25. Plaintiff was fired in direct retaliation for having requested a reasonable accommodation of being allowed to use a cart to complete her work duties.

4

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to ADAAA including but not limited to lost wages, front pay, attorney fees and costs, pre- and post- interest, delay damages, punitive damages, reformation of Plaintiff's employment records, letters of good reference, and emotional distress.

A jury trial is demanded.

> By: s/ Cynthia L. Pollick
> Cynthia L. Pollick, J.D., LLM.
> Pa. I.D. No.: 83826
> 363 Laurel Street
> Pittston, PA 18640
> (570) 654-9675
> pollick@lawyer.com

5